IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| KEVIN MORAN SMITH, #16078-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:11cv745<br>CRIMINAL ACTION NO. 4:08cr107(7) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Kevin Moran Smith filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging constitutional violations concerning his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

Background

On November 24, 2009, after a plea of guilty and pursuant to a written plea agreement, the court sentenced Movant to 151 months of imprisonment for a conviction of conspiracy to manufacture, distribute, or possess with intent to manufacture or distribute a controlled substance, in violation of 21 U.S.C. § 846. The United States Court of Appeals for the Fifth Circuit dismissed Movant's direct appeal as frivolous pursuant to *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967). *United States v. Smith*, 400 F. App'x 924, 925 (5th Cir. 2010).

1

Movant filed the present motion pursuant to § 2255, asserting that he is entitled to relief because his appellate counsel: (1) failed to challenge the waiver of appeal; (2) failed to argue that Movant's sentencing was in violation of due process; (3) failed to argue that the court abused its discretion by determining the amount of drugs for which Movant was responsible; and (4) failed to challenge the three-point upward adjustment to Movant's offense level. Movant also claims that he received ineffective assistance of counsel at each critical stage of sentencing and appeal. Finally, he claims that the Government breached the plea agreement; thus, the entire agreement, including the waiver, is void. The Government filed a Response, asserting that Movant's claims are barred by his waiver or are without merit. Movant filed a Reply.

Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

Movant signed a plea agreement containing the following waiver provision:

> Except as otherwise provided herein, Defendant expressly waives the right to appeal the conviction and sentence in this case on all grounds. Defendant further agrees not to contest the sentence in any post-conviction proceeding, including, but not limited to a proceeding

> under Title 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary. In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

Plea Agreement and Ineffective Assistance of Counsel

Movant raises issues that are barred by the waiver in his plea agreement. Although he does not assert that his plea agreement was unknowing or involuntary, the court will first examine that aspect. If the plea is found to be knowing and voluntary, the waiver included in his plea agreement is effective to bar consideration and relief from Movant's issues that not specifically reserved for review.

A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56

F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *Rubio v. Estelle,* 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*. at 697.

The duty of defense counsel to a defendant who desires to enter a plea of guilty is to ascertain that the plea is voluntarily and knowingly made. *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984). The two-prong test *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed.2d 203 (1985). A movant must show that he did not understand the nature of a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. Thus, if a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on

federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983). Movant signed a plea agreement, which states:

> I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

The plea agreement also states:

> Defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. Defendant has received satisfactory explanations from defense counsel concerning each paragraph of this Agreement, each of Defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, Defendant concedes guilt and has concluded that it is in Defendant's best interest to enter this Agreement rather than proceeding to trial.

Finally, Movant stated in his plea agreement that the "plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this Agreement."

At the plea hearing held on April 23, 2009, Movant affirmed that he had read his indictment and guilty plea agreement, understood them, and wished to continue in his plea of guilty. The court reviewed Movant's rights with him – the right to a speedy trial, to confront and cross-examine witnesses, to present a defense, to have witnesses testify on his behalf, and to have effective assistance of counsel. Movant understood the rights and further affirmed that he was completely satisfied with his legal representation.

The court reviewed the elements of the offenses, which Movant stated that he understood. It then went over the minimum and maximum penalties Movant was facing, which Movant

understood. The court further explained the rights Movant was giving up by pleading guilty to a felony.

The court also reviewed the plea agreement with Movant, and Movant stated that he understood all the terms of the plea agreement and the rights that he was waiving. He said that there had been no other promises made to him or threats against him leading him to plead guilty. He stated that he was pleading guilty voluntarily, of his own free will, because he is guilty of the crime charged. Movant also said that nobody had forced him or threatened him or made promises to him to coerce him into pleading guilty. Formal declarations in open court carry with them a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *Diaz*, 733 F.2d at 373-74. The Fifth Circuit has held that a defendant's testimony at the plea colloquy that no one attempted in any way to force him to plead guilty carries a strong presumption of verity. *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994). In cases where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980).

The court reviewed, in detail, the rights that Movant was waiving by pleading guilty. Movant confirmed that it was his signature appearing on the factual statement, that he read it, and the facts stated therein are true and correct. The court found that Movant, after consultation with counsel, knowingly and voluntarily pleaded guilty to the charges. It also found that Movant was fully competent and capable of entering an informed plea, that he was aware of the nature of the

charges and the consequences of the plea, and that his guilty plea is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

Additionally, on April 23, 2009, Movant signed a Consent to Administration of Guilty Plea. In the consent, Movant stated that he understood his trial rights, and that by pleading guilty, he knew he was giving up those rights – except for the right to counsel. He affirmed that he understood that the court will consult the Sentencing Guidelines in assessing a sentence, but understood that the court is not bound by the guidelines. He stated that he understood that, although he may have been given a possible range of punishment, it is only an estimate, and that his punishment could be increased based on various factors. Movant affirmed that he was aware that the court is not bound by any agreements between himself and the Government. He also understood that only the United States District Judge will determine his sentence.

Furthermore, Movant stated that he was making his plea of guilty freely, and was not forced to plead guilty. He affirmed that no promises had been made to him other than what was contained in the plea agreement. He stated that he was making the plea of guilty because he was guilty. Movant stated that he fully understood the charges, including the statutory minimum and maximum penalties, as well as terms related to supervised release, special assessments, forfeiture, and restitution. He fully understood the plea agreement and had no reservations or questions concerning it.

Movant stated that he understood his appeal rights and that those rights could be limited by the terms of his plea agreement. He said that he realized that he may not appeal his sentence or withdraw his plea of guilty if his sentence is greater than what he originally believed or what was told to him by counsel. He represented that he was not under the influence of any substances or

medications and that he was fully competent to enter a plea before the court. He also said that if he had any questions, he knew he could freely consult with his attorney. Movant represented that he was fully satisfied with his attorney's representation. He affirmed that the Factual Statement that he signed was true and correct, and that he had reviewed it and found no material errors in what he represented to the court. He understood that his statements made in the consent were made under the penalty of perjury.

Additionally, Findings of Facts concerning this case were entered on April 28, 2009. Based on the hearing in which Movant pleaded guilty, the court found that Movant knowingly and voluntarily consented to the administration of the Guilty Plea and Allocution. It further found that Movant was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea, and that the plea of guilty was knowingly and voluntarily made, supported by an independent basis in fact containing each of the essential elements of the offense.

Finally, Movant signed a Factual Statement on April 21, 2009. In it, he stated that he and one or more persons made an agreement to knowingly and intentionally manufacture or distribute or possess with the intent to manufacture or distribute controlled substances. He admitted that he knew the unlawful purpose of the agreement, but joined in it with the intent to further it. Movant stated that he fully understood the facts stipulated, and agreed to them without reservation.

As shown in detail above, Movant knowingly and voluntarily pleaded guilty – he understood the elements of the crime, the maximum sentencing range, and the rights he was waiving by pleading guilty. He has not shown that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this

8

plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz*, 718 F.2d at 1376-77. Movant does not direct this Court to any evidence from the record, or otherwise, showing that counsel erroneously advised him to plead guilty or induced or coerced him to plead guilty to an offense that he did not commit. He claimed that he understood the charges, that he understood the minimum and maximum penalties, that his plea of guilty was knowingly and voluntarily made, and he that he was waiving his right to appeal.

Movant's plea was voluntary and knowing; thus, his waiver must be enforced. Movant did not assert any claims that fall within the exceptions listed in his appeal waiver. His sentence of 151 months did not exceed the statutory maximum. His other claims of ineffective assistance of counsel do not affect the plea or waiver itself. To establish ineffective assistance of counsel in the context of a guilty plea, a defendant must demonstrate (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 57-59, 106 S. Ct. at 370; *Strickland*, 466 U.S. at 687-694, 104 S. Ct. at 2064-2068. Movant has failed to meet his burden – he has not shown that his counsel was deficient or that he would have not pleaded guilty and instead, insist on going to trial. Therefore, Movant's informed and voluntary waiver of post-conviction relief is effective to bar relief. *Wilkes*, 20 F.3d at 653.

## Breach of Plea Agreement

In an abundance of caution, the court will also discuss Movant's claim that the Government breached the plea agreement. A plea agreement is construed strictly against the Government. *United*

*States v. Roberts*, 624 F.3d 241, 246 (5th Cir. 2010). The defendant bears the burden of showing by a preponderance of the evidence that the underlying facts establish a breach of the plea agreement. *Id*.

Movant alleges that the Government breached the plea agreement by objecting to Paragraph 14 of the Pre-Sentence Report. The Government objected to Movant not being held responsible for 40 pounds of marijuana, 12 kilograms of cocaine, and 100 tablets of ecstasy, and the court sustained the objection . The court found that there was corroboration, and held Movant responsible for the additional amounts of narcotics, stating:

> I'm going to sustain your objection regarding the drug quantity. It appears to me that there is corroboration for Lonnie Johnson's statement that Kevin Smith was selling him drugs. Kendrick Golden testified that he introduced Lonnie Johnson to Kevin Smith, suggesting that Kevin Smith indeed did know Lonnie Johnson, and it turns out that the location Johnson identified as being the location where he met Smith to get his drugs from Smith was the same location where Smith and Ramirez were meeting to exchange drugs and money. So I think in this case there is corroboration for what Lonnie Johnson said.

Additionally, Officer John Gottlob testified that Lonnie Johnson's statements were corroborated by a wiretap put in place during the investigation.

A review of the plea agreement shows that the District Court would establish Movant's sentencing range based upon the amount of controlled substances for which Movant was held responsible. This was explained to Movant at the plea hearing, and he stated that he understood. Movant also stated that he had read and reviewed his plea agreement with his attorney, and that he understood it. The plea agreement specifically stated that "Nothing in this Agreement will preclude argument by either party regarding any other specific offense characteristics or Guideline adjustments." Movant has failed to show that the Government breached the plea agreement.

Additionally, the Fifth Circuit dismissed Movant's direct appeal pursuant to *Anders* after conducting an independent review of the record, concluding that it found no non-frivolous issues to appeal. Because Movant has not shown that the Government breached the plea agreement, the waiver included in the agreement is valid and enforceable. This motion should be denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's

underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the court find that Movant is not entitled to a certificate of appealability.

## Recommendation

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to

factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 27th day of February, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE